Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029

| | |
|---|---|
| Rosemary M. Rivas (SBN 209147) | J. Paul Gignac (SBN 125676) |
| rrivas@finkelsteinthompson.com | j.paul@aogllp.com |
| **FINKELSTEIN THOMPSON LLP** | **ARIAS OZZELLO & GIGNAC LLP** |
| 100 Bush Street, Suite 1450 | 4050 Calle Real, Suite 130 |
| San Francisco, California 94104 | Santa Barbara, California 93110 |
| Telephone: (415) 398-8700 | Telephone: (805) 683-7400 |
| Facsimile: (415) 398-8704 | Facsimile: (805) 683-7401 |
| *Proposed Interim Co-Lead Class Counsel* | *Proposed Interim Liaison Class Counsel* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE FACEBOOK PPC ADVERTISING LITIGATION**<br><br>**This Document Relates To:**<br>   All Actions. | Master File No.  C 09-03043 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:  December 18, 2009**<br>**Time:  9:00 a.m.**<br>**Courtroom:  3, 5th Floor**<br>**Judge:  Honorable Jeremy Fogel** |

Pursuant to Civil Local Rule 16-9, Plaintiffs and Defendant Facebook, Inc. ("Defendant" or "Facebook") respectfully submit this Joint Case Management Conference Statement. On November 23, 2009, the parties, through their respective counsel of record, discussed the issues in Federal Rules of Civil Procedure 16(b) and 26(f). This Joint Case Management Statement reflects the matters on which they agree and expresses their respective views on the issues on which they disagree.

### INTRODUCTORY STATEMENT

This is a putative class action. Plaintiffs filed their Consolidated Class Action Complaint ("CCAC") on November 20, 2009. The CCAC asserts statutory and common law claims for relief and seeks a variety of legal remedies. Defendant's response to the CCAC is due on December 18, 2009. Defendant intends to file a Motion to Dismiss directed to all claims for relief.

### 1. JURISDICTION AND SERVICE

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). This is a putative class action involving, according to Plaintiffs, more than 100 class members. Defendant does not agree to this estimate of putative class members. Plaintiffs allege that members of the putative class are citizens of a state different from Defendant, and Plaintiffs further allege that the amount in controversy, in the aggregate, exceeds the sum of $5 million exclusive of interest and costs.

All known parties have been served.

### 2. FACTUAL SUMMARY AND DISPUTES

#### A. PLAINTIFFS' STATEMENT.

Plaintiffs bring this class action suit against Facebook for improper charges that they and members of the Class incurred in connection with advertising placed on Defendant's website at www.facebook.com during the period of January 1, 2006 to the present. Plaintiffs contracted with Facebook to pay Facebook a fee each time a person "clicked" on Plaintiffs' advertisements on the Facebook website in a conscious attempt to view the advertisement. Plaintiffs and Facebook regarded such action (by a Facebook user) as a valid, or billable, "click" for which advertisers were contractually obligated to pay Facebook a fee in accordance with their contract. Plaintiffs allege that Facebook systematically fails to limit charges to valid clicks. Instead, Plaintiffs allege that advertisers have been

1

1 and continue to be unlawfully charged for and presently pay for a range of various types of invalid
2 clicks.

3 Plaintiffs further allege that Defendant's conduct amounts to a violation of California's Unfair
4 Competition Law (Cal. Bus. & Prof. Code §17200, *et seq*.), as well breach of contract. Plaintiffs also
5 bring a claim for unjust enrichment. Plaintiffs seek a declaratory judgment and restitution and equitable
6 relief on these claims.

7 **B.  DEFENDANT'S STATEMENT.**

8 Plaintiffs allege that they were the victims of so-called "click fraud," i.e. that they were charged
9 for fraudulent or otherwise invalid clicks on their Facebook advertisements that were made by third-
10 parties. Importantly, Plaintiffs do not allege that Facebook has committed this click fraud. Rather,
11 Plaintiffs claim that Facebook breached its contract with them and improperly charged for the fraudulent
12 or invalid clicks. But in the contracts, Plaintiffs were not only put on notice that third parties outside of
13 Facebook's control might commit click fraud, but also contractually agreed that Facebook would have
14 no liability or responsibility for fraudulent clicks or other related, improper behavior. Specifically,
15 Plaintiffs agreed that "Facebook shall have no liability for click fraud or other improper actions of third
16 parties which may affect the cost of advertising." Yet, Plaintiffs ignore these clear warnings and
17 limitations of liability.

18 In addition, Facebook believes that there are significant issues that will prevent class
19 certification. Specifically, in their Consolidated Complaint, Plaintiffs describe two entirely different
20 "click fraud" scenarios. On the one hand, Plaintiffs claim that some Facebook users have been
21 wrongfully charged for ad clicks made for fraudulent or improper purpose. On the other hand, and
22 entirely different from the first scenario, Plaintiffs claim that some advertisers are charged for clicks that
23 never occurred at all. This situation is predominated by factual and legal issues that have nothing
24 whatsoever to do with the prior scenario. The legal and factual inquiries would vary greatly from one
25 category of plaintiffs to the next. Because questions of law and fact do not predominate throughout
26 Plaintiffs' purported class, class treatment of their claims is improper.

27

**3.     LEGAL ISSUES**

    A.     Parties' Statement

        a. Whether Defendant's conduct as alleged herein violated the UCL;

        b. Whether Defendant's conduct breached the express terms of the contract with Plaintiffs;

        c. Whether Defendant's conduct breached the implied covenant of good faith and fair dealing;

        d. Whether as a result of the conduct alleged herein, Defendant has unjustly enriched itself;

        e. Whether a class can be certified under Rule 23; and

        f. Whether Plaintiffs and Class members are entitled to damages, restitution, injunctive relief and declaratory relief.

**4.     MOTIONS**

    A.     Prior Motions

A prior motion to dismiss was taken off calendar by stipulation because Plaintiffs filed the CCAC.

    B.     Pending Motions

Plaintiffs have filed a motion to appoint interim co-lead, liaison and class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

    C.     Anticipated Motions

Plaintiffs intend to file a motion for class certification and a motion for summary judgment. Defendant intends to move to dismiss, move to bifurcate discovery and move for summary judgment.

**5.     AMENDMENT OF PLEADINGS**

The parties propose the deadline for amendment of pleadings be February 1, 2010.

**6.     EVIDENCE PRESERVATION**

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

1 **7.    DISCLOSURES**

2 The parties anticipate exchange of their Rule 26(a)(1) Initial Disclosures in accordance with the
3 Federal Rules of Civil Procedure.

4 **8.    DISCOVERY**

5 A.    To date, no discovery has been taken by either side.  Plaintiffs believe discovery should
6 proceed forthwith.  Facebook believes that discovery should not proceed until the Motion to Dismiss is
7 adjudicated and the CCAC, if it survives, is answered.

8 B.    <u>Scope of Discovery</u>

9 Plaintiffs will seek discovery related to Defendant's conduct in connection with its pay-per-click
10 advertising services, including its technological infrastructure, methods and practices for billing
11 advertisers, and representations it made to advertisers regarding its advertising services. Plaintiffs
12 reserve the right to seek discovery on additional issues as necessary.

13 Facebook will be seeking discovery of Plaintiffs' server logs and other methods for tracking and
14 evaluating advertising clicks, all communications with Facebook and other Facebook customers,
15 Plaintiffs' use of other online advertising, all postings to websites regarding Facebook services, and
16 Plaintiffs' alleged damages.  Facebook reserves its right to seek additional discovery as necessary.

17 C.    <u>Proposed Discovery Plan</u>

18 Plaintiffs oppose any formal bifurcation of class or merits discovery on the grounds that the
19 discovery here is inextricably intertwined between class issues and merits issues.  Courts have
20 recognized that because "information about the nature of the claims on the merits and the proof that they
21 require is important to deciding certification… arbitrary insistence on the merits/class discovery
22 distinction sometimes thwarts the informed judicial assessment that current class certification practice
23 emphasizes." Manual for Complex Litigation (Fourth) § 21.14 (2006).

24 Facebook will move to bifurcate class and merits discovery.
25 The following is the parties' view of the discovery plan and briefing schedule for class certification:

26

27

| DEADLINE OR EVENT | FACEBOOK'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Opening of Initial Phase of Fact Discovery | Non-expert discovery should be bifurcated into class and merits, and should not commence until the Motion to Dismiss is adjudicated and the Complaint is settled. | Non- Expert discovery (class and merits) should commence immediately. |
| Completion of Initial Phase of Fact Discovery | **Six months** from commencement of non-expert discovery | **Six months** from commencement of non-expert discovery |
| Deadline to File Any Motion for Class Certification | **Eight months** from commencement of non-expert discovery | **Eight months** from commencement of non-expert discovery |
| Deadline to File Any Opposition to Motion for Class Certification | **Thirty days** after filing of motion for class certification. | **Thirty days** after filing of motion for class certification. |
| Deadline to File Any Reply on Motion for Class Certification | **Thirty days** after filing of opposition to motion for class certification. | **Thirty days** after filing of opposition to motion for class certification. |
| Class Certification Hearing | At the Court's convenience. | At the Court's convenience. |

### 9.   CLASS ACTIONS

Plaintiffs believe their case is a paradigmatic one for class certification as it is based on a uniform contract that will be susceptible to common proof for liability and damages.  This case is brought under FRCP 23(a) and (b)(3). The class is defined as: All persons and/or entities in the United States who paid money to Facebook, Inc. for cost-per-click advertising from January 1, 2006 to the present.

Consistent with the schedule above, Plaintiffs propose eight months from the date discovery commences as the deadline for filing their class certification motion.

Facebook intends to mount a rigorous opposition to any motion for class certification.  Facebook believes that Plaintiffs' claims, if any survive, are not amendable to class treatment.

## 10. RELATED CASES

The case captioned *Price v. Facebook, Inc. et al.*, Case No. CV09-03519 AG (HRLx) has been related to and consolidated with *RootZoo v. Facebook, Inc. et al.*, Case No. CV09-03043 AG (HRLx). As part of the CCAC, Plaintiffs effectively dismissed the case captioned *Unified ECM v. Facebook*, Case No. CV09-03430-JF.  Plaintiffs also added a new plaintiff and new lawsuit to the CCAC. Facebook objects to this new plaintiff as a violation of the Court's prior Order permitting consolidation, and reserves its rights to seek all available remedies for this improper addition of a new plaintiff to the CCAC.

## 11. RELIEF

Plaintiffs seek legal and equitable relief, including damages and recession.

## 12. SETTLEMENT AND ADR

The parties believe that, until the pleadings are settled, it is difficult to assess the potential utility of each ADR process, and that they would be more likely to agree on a suitable ADR process once the scope of the claims is settled.  The parties, through their counsel, will participate in the ADR phone conference.  Facebook requests a settlement conference with a Magistrate Judge.

## 13. CONSENT TO MAGISTRATE JUDGE

The parties do not consent to proceed before a Magistrate Judge for all purposes.

## 14. OTHER REFERENCES

The parties do not believe this case is suitable for other references at this time.

## 15. NARROWING OF ISSUES

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth above.  The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16.   EXPEDITED SCHEDULE**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

**17.   SCHEDULING**

The following is the view of the parties for a case schedule for proceedings after the class certification ruling:

| DEADLINE OR EVENT | FACEBOOK'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Completion of All Fact Discovery | All non-expert discovery should be completed within **six months** from the class certification order. | All non-expert discovery should be completed within **six months** from the class certification order. |
| Completion of Expert Discovery | **Nine months** from class certification discovery. | **Nine months** from class certification discovery. |
| Deadline for Dispositive Motions | **Twelve months** after the certification order. | **Twelve months** after the certification order |
| Hearing on Dispositive Motions | **At the Court's convenience** | **At the Court's convenience** |
| Pre-trial Conference | **One month** after Court's ruling on dispositive motions, or as soon as possible based on the Court's schedule. | **One month** after Court's ruling on dispositive motions, or as soon as possible based on the Court's schedule. |
| Trial | **Two weeks** after pre-trial conference. | **Two weeks** after pre-trial conference. |

**18.   TRIAL**

The parties agree that trial will take five to seven days.

**19.   DISCLOSURE OF INTERESTED ENTITIES**

The parties intend to file their Certificates of Interested Entities promptly.

**20.   OTHER MATTERS**

At this time, the parties do not have any additional matters that should be raised.

DATED: December 11, 2009          Respectfully submitted,

                                              **SEEGER WEISS LLP**

                                              By:     */S/ Jonathan Shub*
                                                        JONATHAN SHUB

                                            **FINKELSTEIN THOMPSON LLP**

                                              By:     */S/ Rosemary M. Rivas*
                                                    ROSEMARY M. RIVAS

                                                  *Attorneys for Plaintiffs*

DATED: December 11, 2009          **ORRICK HERRINGTON & SUTCLIFFE LLP**

                                             By:     */S/ Angela L. Padilla*
                                                    ANGELA L. PADILLA

                                       Counsel for Defendant, FACEBOOK, INC.

I attest that concurrence in the filing of this document has been obtained from Angela Padilla for Defendant.

By:     */S/ Rosemary M. Rivas*

        Rosemary M. Rivas

        Attorney for Plaintiffs