Jonathan Shub (SBN 237708)
jshub@shublaw.com
**SHUBLAW LLC**
1818 Market Street, 13th Floor
Philadelphia, PA 19102
Telephone: (610) 453-6551
Facsimile: (215) 569-1606

Rosemary M. Rivas (SBN 209147)           J. Paul Gignac (SBN 125676)
rrivas@finkelsteinthompson.com           j.paul@aogllp.com
**FINKELSTEIN THOMPSON LLP**             **ARIAS OZZELLO & GIGNAC LLP**
100 Bush Street, Suite 1450              4050 Calle Real, Suite 130
San Francisco, California 94104          Santa Barbara, California 93110
Telephone: (415) 398-8700                Telephone: (805) 683-7400
Facsimile: (415) 398-8704                Facsimile:  (805) 683-7401

*Interim Co-Lead Class Counsel*          *Interim Liaison Class Counsel*


COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvician@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Facebook, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **IN RE FACEBOOK PPC ADVERTISING LITIGATION**<br><br>This Document Relates To:<br><br>     **All Actions.** | Master File No.  C 09-03043 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br>**Date:  May 7, 2010**<br>**Time:  9:00 a.m.**<br>**Courtroom: 3, 5th Floor**<br>**Judge:  Honorable Jeremy Fogel** |

Pursuant to Civil Local Rule 16-9, Plaintiffs and Defendant Facebook, Inc. ("Defendant" or "Facebook") respectfully submit this updated Joint Case Management Conference Statement. On November 23, 2009, and on April 29, 2010 the parties, through their respective counsel of record, discussed the issues in Federal Rules of Civil Procedure 16(b) and 26(f). This Joint Case Management Statement reflects the matters on which they agree and expresses their respective views on the issues on which they disagree.

**INTRODUCTORY STATEMENT**

This is a proposed class action. Plaintiffs filed their Consolidated Class Action Complaint ("CCAC") on November 20, 2009. The CCAC asserts statutory and common law claims for relief and seeks a variety of legal remedies. Defendant denies that it engaged in any wrongful contact under statutory or common law. On April 22, 2010, the Court entered an Order Granting In Part And Denying In Part Defendant's Motion To Dismiss And Denying Motion to Strike.

**1. JURISDICTION AND SERVICE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). This is a proposed class action involving more than 100 class members. Defendant does not agree to this estimate of proposed class members. Plaintiffs allege that members of the proposed class are citizens of a state different from Defendant, and Plaintiffs further allege that the amount in controversy, in the aggregate, exceeds the sum of $5 million exclusive of interest and costs.

All known parties have been served.

**2. FACTUAL SUMMARY AND DISPUTES**

    **A. PLAINTIFFS' STATEMENT.**

Plaintiffs bring this class action suit against Facebook for improper charges that they and members of the Class incurred in connection with advertising placed on Defendant's website at www.facebook.com during the period of January 1, 2006 to the present. Plaintiffs contracted with Facebook to pay Facebook a fee each time a person "clicked" on Plaintiffs' advertisements on the Facebook website in a conscious attempt to view the advertisement. Plaintiffs and Facebook regarded such action (by a Facebook user) as a valid, or billable, "click" for which advertisers were contractually

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

obligated to pay Facebook a fee in accordance with their contract. Plaintiffs allege that Facebook systematically fails to limit charges to valid clicks.  Instead, Plaintiffs allege that advertisers have been and continue to be unlawfully charged for and presently pay for a range of various types of invalid clicks.

Plaintiffs further allege that Defendant's conduct amounts to a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*), as well breach of contract.  Plaintiffs also bring a claim for unjust enrichment.  Plaintiffs seek a declaratory judgment and restitution and equitable relief on these claims.

### B.   DEFENDANT'S STATEMENT.

Plaintiffs have no viable claims because Facebook has consistently applied reasonable methods to detect and screen for the "invalid" and "fraudulent" clicks that are the basis of Plaintiffs' claims.  To the extent that there are some "invalid" or "fraudulent" clicks that could not have been screened despite Facebook's efforts, Plaintiffs (and the proposed class members) have expressly disclaimed any claims related to such clicks by agreeing to Facebook's terms of use.

The Court has now recognized that Plaintiffs do not have viable claims with respect to any allegedly wrongful clicks that originate from third-party sources.  While the Court did not dismiss as a matter of law Plaintiffs' claims regarding invalid clicks that originate from Facebook's own activities, Facebook believes it will prevail on these claims on the merits.  Among several other reasons, Facebook has taken reasonable steps consistent with any contractual or other legal obligation it might have to screen for these sorts of alleged invalid clicks, which comprise a tiny portion of the clicks originally alleged in this case.

In addition, Facebook believes that there are significant issues that will prevent class certification.  As the Court has recognized in its Order on Facebook's Motion to Dismiss, any potential liability in this case would depend on the specific nature and purpose of each alleged invalid click.  The legal and factual inquiries would thus vary greatly from one category of plaintiffs to the next and from one category of clicks to the next.  Because questions of law and fact do not predominate throughout Plaintiffs' purported class, class treatment of their claims is improper.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

3.   **LEGAL ISSUES**

    A.   <u>Parties' Statement</u>

        a.   Whether Defendant's conduct as alleged herein violated the UCL;

        b.   Whether Defendant's conduct breached the express terms of the contract with Plaintiffs;

        c.   Whether Defendant's conduct breached the implied covenant of good faith and fair dealing;

        d.   Whether as a result of the conduct alleged herein, Defendant has unjustly enriched itself;

        e.   Whether Plaintiffs have waived their claims and whether they have properly mitigated their alleged damages;

        f.   Whether a class can be certified under Rule 23; and

        g.   Whether Plaintiffs and Class members are entitled to damages, restitution, injunctive relief and declaratory relief.

4.   **MOTIONS**

    A.   <u>Prior Motions</u>

Defendant filed a motion to dismiss on December 18, 2009.  On April 22, 2010, the Court granted the motion in part without prejudice and denied the motion in part. Plaintiffs intend on filing an Amended Consolidated Complaint on or before May 22, 2010.

    B.   <u>Pending Motions</u>

There are no pending motions.

    C.   <u>Anticipated Motions</u>

Plaintiffs intend to file a motion for class certification and a motion for summary judgment. Defendant believes it is likely that another motion to dismiss will be necessary with respect to the Amended Complaint to be filed on or before May 22, 2010.  In addition, Defendant intends to move to bifurcate discovery and move for summary judgment.

5.   **AMENDMENT OF PLEADINGS**

The parties propose the deadline for amendment of pleadings be August 1, 2010.

**6.     EVIDENCE PRESERVATION**

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

**7.     DISCLOSURES**

Plaintiffs served their Initial Disclosures on February 26, 2010. Defendant intends to serve its Initial Disclosures on or before May 14, 2010.

**8.     DISCOVERY**

A.     Status

Plaintiffs served their First Set of Requests for Production on February 18, 2010.    Facebook has not answered these requests. Before the Court's April 22, 2010 ruling, Plaintiffs agreed to limit the scope of their requests.  Now that it is clear that at least some of Plaintiffs' claims survive, Plaintiffs believe that they should be permitted to proceed with discovery without limitation.

Facebook believes that discovery should not proceed until the legal sufficiency of Plaintiffs' anticipated Amended Complaint (to be filed on or before May 22) is determined.  Alternatively, to the extent the Court feels some initial discovery is appropriate, Defendant believes that (i) discovery should be limited to a mutual exchange of click data related to the named Plaintiffs' advertisements, until the anticipated Motion to Dismiss Plaintiffs' Amended Complaint is resolved, (ii) thereafter, discovery should be limited to discovery on class certification issues only, and (iii) full merits discovery should be allowed to proceed only if the Court certifies a class.

B.     Scope of Discovery

Plaintiffs will seek discovery related to Defendant's conduct in connection with its pay-per-click advertising services, including its technological infrastructure, methods and practices for billing advertisers, and representations it made to advertisers regarding its advertising services. Plaintiffs reserve the right to seek discovery on additional issues as necessary.

Facebook will be seeking discovery of Plaintiffs' server logs and other methods for tracking and evaluating advertising clicks, all communications with Facebook and other Facebook customers, Plaintiffs' use of other online advertising, all postings to websites regarding Facebook services, and

4

1   Plaintiffs' alleged damages.  Facebook believes this discovery directed at the named Plaintiffs should

2   proceed as part of class certification discovery because it relates directly to the typicality and adequacy

3   requirements of Rule 23.  Facebook reserves its right to seek additional discovery as necessary.

4        C.        Proposed Discovery Plan

5        Plaintiffs oppose any formal bifurcation of class or merits discovery on the grounds that the

6   discovery here is inextricably intertwined between class issues and merits issues.  For instance,

7   Facebook's representations, its processes for filtering invalid clicks, and billing practices, among other

8   things, are relevant to both class certification (namely, commonality and predominance) as well as to the

9   merits.  Courts have recognized that because "information about the nature of the claims on the merits

10  and the proof that they require is important to deciding certification . . . arbitrary insistence on the

11  merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class

12  certification practice emphasizes."  Manual for Complex Litigation (Fourth) § 21.14 (2006).  Further,

13  Facebook has thus far failed to provide Plaintiffs with any details of its proposed bifurcation plan.

14       Facebook will move to bifurcate class and merits discovery, given the substantial burden that full

15  merits would impose on Facebook  *See Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec.*

16  *Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006) ("[A] district judge has ample discretion to circumscribe . . . the

17  extent of discovery concerning Rule 23 requirements . . . in order to assure that a class certification

18  motion does not become a pretext for a partial trial of the merits."); MANUAL FOR COMPLEX LITIGATION

19  (FOURTH) § 21.14 (2009) ("Discovery relevant only to the merits delays the certification decision and

20  may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those

21  related to the merits of the allegations.").

22

23  //

24  //

25  //

26  //

27  //

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

The following is the parties' view of the discovery plan and briefing schedule for class certification:

| DEADLINE OR EVENT | FACEBOOK'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Opening of Initial Phase of Fact Discovery | Non-expert discovery should be bifurcated into class and merits, and should not commence until the Motion to Dismiss is adjudicated and the Amended Complaint is settled. | Non- Expert discovery (class and merits) should commence immediately. |
| Completion of Initial Phase of Fact Discovery | **Six months** from commencement of non-expert discovery (the time frames proposed herein are subject to Facebook's position that the initial discovery period should be limited to class certification issues) | **Six months** from commencement of non-expert discovery |
| Deadline to File Any Motion for Class Certification | **Eight months** from commencement of non-expert discovery | **Eight months** from commencement of non-expert discovery |
| Deadline to File Any Opposition to Motion for Class Certification | **Thirty days** after filing of motion for class certification. | **Thirty days** after filing of motion for class certification. |
| Deadline to File Any Reply on Motion for Class Certification | **Thirty days** after filing of opposition to motion for class certification. | **Thirty days** after filing of opposition to motion for class certification. |
| Class Certification Hearing | At the Court's convenience. | At the Court's convenience. |

## 9.    CLASS ACTIONS

Plaintiffs believe their case is a paradigmatic one for class certification as it is based on a uniform contract that will be susceptible to common proof for liability and damages.  This case is brought under FRCP 23(a) and (b)(3). The class is defined as: All persons and/or entities in the United

States who paid money to Facebook, Inc. for cost-per-click advertising from January 1, 2006 to the present.

Consistent with the schedule above, Plaintiffs propose eight months from the date discovery commences as the deadline for filing their class certification motion.

Facebook intends to mount a vigorous opposition to any motion for class certification.  Facebook believes that Plaintiffs' claims are not amenable to class treatment for a number of reasons as set forth in its Statement above.

**10.     RELATED CASES**

The case captioned *Price v. Facebook, Inc. et al.*, Case No. CV09-03519 AG (HRLx) has been related to and consolidated with *RootZoo v. Facebook, Inc. et al.*, Case No. CV09-03043 AG (HRLx). As part of the CCAC, Plaintiffs effectively dismissed the case captioned *Unified ECM v. Facebook*, Case No. CV09-03430-JF.  Plaintiffs also added a new plaintiff and new lawsuit to the CCAC. Facebook objects to this new plaintiff as a violation of the Court's prior Order permitting consolidation, and reserves its rights to seek all available remedies for this improper addition of a new plaintiff to the CCAC.

**11.     RELIEF**

Plaintiffs seek legal and equitable relief, including damages and recession.

**12.     SETTLEMENT AND ADR**

The parties, through their counsel, participate in the ADR phone conference on March 2, 2010. The parties believe that, until the pleadings are settled, it is difficult to assess the potential utility of each ADR process. A follow up ADR phone conference is currently scheduled for June 2, 2010.

**13.     CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to proceed before a Magistrate Judge for all purposes.

**14.     OTHER REFERENCES**

The parties do not believe this case is suitable for other references at this time.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

### 15.    NARROWING OF ISSUES

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth above.  The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

### 16.    EXPEDITED SCHEDULE

The parties agree this case is not appropriate for an expedited or streamlined procedure.

### 17.    SCHEDULING

The following is the view of the parties for a case schedule for proceedings after the class certification ruling:

| DEADLINE OR EVENT | FACEBOOK'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Completion of All Fact Discovery | All non-expert discovery should be completed within **six months** from the class certification order.  This assumes that the initial discovery period is limited to class certification issues only. If full merits is allowed to proceed before a class certification ruling, then the post-certification discovery period (if any) should be limited to **three months.** | All non-expert discovery should be completed within **six months** from the class certification order. |
| Completion of Expert Discovery | An additional **three months** from the close of fact discovery as set forth above. | **Nine months** from class certification discovery. |
| Deadline for Dispositive Motions | An additional **three months** from the close of expert discovery as set forth above. | **Twelve months** after the certification order |

8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

| DEADLINE OR EVENT | FACEBOOK'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Hearing on Dispositive Motions | **At the Court's convenience** | **At the Court's convenience** |
| Pre-trial Conference | **One month** after Court's ruling on dispositive motions, or as soon as possible based on the Court's schedule. | **One month** after Court's ruling on dispositive motions, or as soon as possible based on the Court's schedule. |
| Trial | **Two weeks** after pre-trial conference. | **Two weeks** after pre-trial conference. |

## 18.    TRIAL

The parties agree that trial will take five to seven days.

## 19.    DISCLOSURE OF INTERESTED ENTITIES

The parties intend to file their Certificates of Interested Entities promptly.

## 20.    OTHER MATTERS

At this time, the parties do not have any additional matters that should be raised.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF

DATED:  April 30, 2010                Respectfully submitted,

**SHUBLAW LLC**

By:_____/S/ Jonathan Shub_____
                              JONATHAN SHUB

**FINKELSTEIN THOMPSON LLP**

By: _____/S/ Rosemary M. Rivas_____
                              ROSEMARY M. RIVAS

*Attorneys for Plaintiffs*

DATED: April 30, 2010          **COOLEY LLP**
                              MICHAEL G. RHODES (116127)
                              WHITTY SOMVICHIAN (194463)

By: _____/S/ Whitty Somvichian_____
                              WHITTY SOMVICHIAN

Counsel for Defendant, FACEBOOK, INC.

I attest that concurrence in the filing of this document has been obtained from Whitty Somvichian for Defendant.

By: _____/S/ Rosemary M. Rivas_____
                   ROSEMARY M. RIVAS

*Attorneys for Plaintiffs*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C 09-03043 JF