**\*\* E-filed August 16, 2010 \*\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK PPC Advertising Litigation. | Master Case No. C 09-03043 JF<br><br>STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS <span style="color:red">AS AMENDED BY THE COURT</span> |

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 <span style="color:red">and General Order 62</span> sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.      DEFINITIONS

2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to

applicable law. *For a period of six (6) months after the final disposition of this action, this court will retain jurisdiction to enforce the terms of this protective order.*

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

To the extent it is practical to do so, the Designating Party must designate for protection only

those parts of material, documents, items, or oral or written communications that qualify – so that

other portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

*Mass, routinized, or* → Indiscriminate designations are prohibited. Designations that have been made for an

improper purpose (*e.g*., to unnecessarily encumber or retard the case development process or to

impose unnecessary expenses and burdens on other parties) may expose the Designating Party to

sanctions upon sufficient findings as required under existing provisions of the Federal Rules of

Civil Procedure.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

- 4 -

1    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

2 (see, *e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

3 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

4 designated before the material is disclosed or produced.

5    Designation in conformity with this Order requires:

6    (a)    for information in documentary form (*e.g.,* paper or electronic documents,

7 but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

8 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

9 EYES ONLY" to each page that contains protected material. If only a portion or portions of the

10 material on a page qualifies for protection, the Producing Party also must clearly identify the

11 protected portion(s) (*e.g.,* by making appropriate markings in the margins) and must specify, for

12 each portion, the level of protection being asserted.

13    A Party or Non-Party that makes original documents or materials available for inspection

14 need not designate them for protection until after the inspecting Party has indicated which

15 material it would like copied and produced. During the inspection and before the designation, all

16 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

17 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

18 copied and produced, the Producing Party must determine which documents, or portions thereof,

19 qualify for protection under this Order. Then, before producing the specified documents, the

20 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

21 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

22 Material. If only a portion or portions of the material on a page qualifies for protection, the

23 Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate

24 markings in the margins) and must specify, for each portion, the level of protection being

25 asserted.

26    (b)    for testimony given in deposition or in other pretrial or trial proceedings,

27 that the Designating Party identifies on the record up to 30 days after the completion of the

28

- 5 -

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1    deposition, the specific portions of the testimony as to which protection is sought and the level of

2    protection being asserted. Only those portions of the testimony that are appropriately designated

3    for protection within the 30 days shall be covered by the provisions of this Stipulated Protective

4    Order. If no designation is made at the deposition, the transcript shall be treated as

5    "CONFIDENTIAL" during the 30-day period referenced above. Alternatively, a Designating

6    Party may specify, at the deposition or up to 30 days afterwards, that the entire transcript shall be

7    treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8            Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

9    other proceeding to include Protected Material so that the other parties can ensure that only

10   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

11   (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

12   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

13   – ATTORNEYS' EYES ONLY."

14           Transcripts containing Protected Material shall have an obvious legend on the title page

15   that the transcript contains Protected Material, and the title page shall be followed by a list of all

16   pages (including line numbers as appropriate) that have been designated as Protected Material and

17   the level of protection being asserted by the Designating Party. The Designating Party shall

18   inform the court reporter of these requirements. Any transcript that is prepared before the

19   expiration of a 30-day period for designation shall be treated during that period as if it had been

20   designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that

21   period, the transcript shall be treated only as actually designated.

22           (c)    for information produced in some form other than documentary and for any

23   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

24   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

25   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

26   the information or item warrant protection, the Producing Party, to the extent practicable, shall

27   identify the protected portion(s) and specify the level of protection being asserted.

28

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1              (a)     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

2  intervention, the Challenging Party may file a motion challenging a confidentiality designation at

3  any time if there is good cause for doing so, including a challenge to the designation of a

4  deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must

5  be accompanied by a competent declaration affirming that the moving party has complied with

6  the meet and confer requirements imposed by the preceding paragraph.

7         The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party.  Frivolous challenges and those made for an improper purpose (*e.g*., to harass or impose

9  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

10  sanctions.  All parties shall continue to afford the material in question the level of protection to

11  which it is entitled under the Producing Party's designation until the court rules on the challenge.

12  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

13        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

14  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

15  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

16  the categories of persons and under the conditions described in this Order. When the litigation has

17  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

18  DISPOSITION).

19        Protected Material must be stored and maintained by a Receiving Party at a location and

20  in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

21        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

22  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

23  information or item designated "CONFIDENTIAL" only to:

24              (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

25  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26  information for this litigation;

27

28

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1        (b)     the officers, directors, and employees (including House Counsel) of the

2  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

3  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (c)     Experts (as defined in this Order) of the Receiving Party to whom

5  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

6  and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph

7  7.4(a), below, have been followed;

8        (d)     the court and its personnel;

9        (e)     court reporters and their staff, professional jury or trial consultants, and

10  Professional Vendors to whom disclosure is reasonably necessary for this litigation;

11        (f)     during their depositions, witnesses in the action to whom disclosure is

12  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

13  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

14  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

15  separately bound by the court reporter and may not be disclosed to anyone except as permitted

16  under this Stipulated Protective Order; and

17        (g)     the author or recipient of a document containing the information or a

18  custodian or other person who otherwise possessed or knew the information.

19       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

20  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

21  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

23        (a)     the Receiving Party's Counsel in this action, as well as employees of said

24  Counsel to whom it is reasonably necessary to disclose the information for this litigation;

25        (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably

26  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

27

28

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, employee, or consultant of a competitor of a Party or anticipated to become one.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) who is a current officer, director or employee of a competitor of a Party or anticipated to become one, any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in

_____

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1   connection with which the Expert has offered expert testimony, including through a declaration,

2   report, or testimony at a deposition or trial, during the preceding five years.

3          (b)     A Party that makes a request and provides the information specified in Paragraph

4   7.4(a) may disclose the subject Protected Material to the identified Expert unless, within 14 days

5   of delivering the request, the Party receives a written objection from the Designating Party. Any

6   such objection must set forth in detail the grounds on which it is based.

7          (c)     A Party that receives a timely written objection must meet and confer with the

8   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9   agreement within seven days of the written objection. If no agreement is reached, the Party

10  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

11  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

12  to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

13  reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

14  disclosure would entail, and suggest any additional means that could be used to reduce that risk.

15  In addition, any such motion must be accompanied by a competent declaration describing the

16  parties' efforts to resolve the matter by agreement (*i.e.,* the extent and the content of the meet and

17  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

18  to approve the disclosure.

19         In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

20  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

21  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

22  **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

23

24         If a Party is served with a subpoena or a court order issued in other litigation that compels

25  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

27         (a)     promptly notify in writing the Designating Party. Such notification shall

28  include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1            2.      promptly provide the Non-Party with a copy of the Stipulated

2    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

3    description of the information requested; and

4            3.      make the information requested available for inspection by the

5    Non-Party.

6          (c)    If the Non-Party fails to object or seek a protective order from this court

7    within 14 days of receiving the notice and accompanying information, the Receiving Party may

8    produce the Non-Party's confidential information responsive to the discovery request. If the Non-

9    Party timely seeks a protective order, the Receiving Party shall not produce any information in its

10   possession or control that is subject to the confidentiality agreement with the Non-Party before a

11   determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the

12   burden and expense of seeking protection in this court of its Protected Material.

13   **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15   Material to any person or in any circumstance not authorized under this Stipulated Protective

16   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

18   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

19   made of all of the terms of this Order, and (d) request such person or persons to execute the

20   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

21   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
             PROTECTED MATERIAL**

22

23         If information is produced in discovery that is subject to a claim of privilege or of

24   protection as trial-preparation material, the party making the claim may notify any party that

25   received the information of the claim and the basis for it. After being notified, a party must

26   promptly return or destroy the specified information and any copies it has and may not sequester,

27         [3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

28

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1  use or disclose the information until the claim is resolved. This includes a restriction against

2  presenting the information to the court for a determination of the claim. This provision is not

3  intended to modify whatever procedure may be established in an e-discovery order that provides

4  for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and

5  (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

6  information covered by the attorney-client privilege or work product protection, the parties may

7  incorporate their agreement in the stipulated protective order submitted to the court.

8  **12.    MISCELLANEOUS**

9      12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

10  seek its modification by the court in the future.

11      12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

12  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

13  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

14  Party waives any right to object on any ground to use in evidence of any of the material covered

15  by this Protective Order.

16      12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party

17  or a court order secured after appropriate notice to all interested persons, a Party may not file in

18  the public record in this action any Protected Material. A Party that seeks to file under seal any

19  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

20  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

21  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

22  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

23  otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

24  Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

25  Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

26  79-5(e) unless otherwise instructed by the court.

27

28                                                          and General Order 62.

- 14 -

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**SHUBLAW LLC**

Dated:  July 27, 2010.

By: _____ */S/ Jonathan Shub* _____
                JONATHAN SHUB

**FINKELSTEIN THOMPSON LLP**

By: _____ */S/ Rosemary M. Rivas* _____
                ROSEMARY M. RIVAS

*Interim Co-Lead Class Counsel*

Dated:  July 27, 2010.

**COOLEY  LLP**

By:    _____*/S/ Whitty Somvichian*_____
                WHITTY SOMVICHIAN

Counsel for Defendant FACEBOOK, INC.

## FILER'S ATTESTATION

Pursuant to General Order No. 45, § X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: June 29, 2010

**ARIAS OZZELLO & GIGNAC LLP**

By:    _____*/s/ J. Paul Gignac*_____
                J. PAUL GIGNAC

*Interim Liaison Class Counsel*

## <u>ORDER</u>

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

Dated:  ___August 16, 2010___          _____
                                                    HOWARD R. LLOYD
                                                    United States Magistrate Judge

- 16 -

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re FACEBOOK PPC Advertising Litigation.,* Case Master No. CV-09-0343 JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                     [signature]

STIPULATED PROTECTIVE ORDER
1183484 v1/SF

1

2                               **<u>Certificate of Service</u>**

3                The undersigned hereby certifies that all counsel of record who are deemed to have

4        consented to electronic service are being served this _____ day of July, 2010, with a copy of this

5        document via the Court's CM/ECF system.  I certify that all parties who have appeared in this

6        case are represented by counsel who are CM/ECF participants.  Any other counsel of record will

7        be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

8

9                                                        _____/s/_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                - 18 -

STIPULATED PROTECTIVE ORDER
1183484 v1/SF