COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
PETER COLOSI (252951) (pcolosi@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK PPC Advertising Litigation,<br><br>This Document relates To:<br>    All Actions. | Master File Case No. C 09-03043 JF<br><br>**FACEBOOK, INC.'S MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: December 3, 2010<br>Time: 9:00 a.m.<br>Courtroom: 3 (5th Floor)<br>Judge: Hon. Jeremy Fogel<br>Trial Date: Not yet set |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on December 3, 2010 at 9:00 a.m., or as soon thereafter as this motion may be heard, Defendant Facebook, Inc. ("Facebook") will move to dismiss the Second Claim for Relief in Plaintiffs' Second Amended Consolidated Class Action Complaint dated September 24, 2010 (Docket Entry No. 101) ("SAC"). This motion is made under Federal Rule of Civil Procedure 12(b)(6) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and evidence on file in this matter, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF      1.      FACEBOOK'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT
C 09-03043 JF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the SAC[1], Plaintiffs (individuals who contracted with Facebook to place "pay-per-click"[2] ads on Facebook.com) again seek to hold Facebook liable for alleged third-party "click fraud"[3] on their ads, despite the express disclaimer[4] of liability in their advertising contracts. In ruling on Facebook's motion to dismiss Plaintiff's prior complaint, the Court dismissed all claims related to third-party click fraud in light of this contractual Disclaimer. Significantly, the Court ruled that the Disclaimer unambiguously precludes liability for click fraud regardless of whether Plaintiffs had relied on the other Facebook statements they claim were misleading (referred to in prior motions as the "Extrinsic Evidence").

Plaintiffs now concede they have no viable breach of contract claim for click fraud, having dropped this claim entirely from their latest complaint. But inexplicably, the SAC still contains a claim for click fraud brought under the California Unfair Competition Law (UCL).[5] Facebook respectfully requests that the Court dismiss this claim with prejudice because Plaintiffs as matter of law cannot use the UCL to manufacture a claim that the Court has already found is foreclosed by the unambiguous terms of the Disclaimer.[6]

---

[1] The SAC no longer identifies Matthew Smith as a named plaintiff and adds new named plaintiff Fox Test Prep. Plaintiffs have not sought to formally dismiss Matthew Smith from this case. Facebook reserves all rights regarding the discovery of any information pertaining to Matthew Smith.

[2] In a "pay-per-click" model, advertisers pay for each time someone clicks on their ads, as compared to other online advertising models that are based on the number of times the ad is shown.

[3] As alleged in the SAC, click fraud includes circumstances where, for example, "clicks [are] made in a deliberate effort to drive up the cost of an ad or deplete an advertiser's budget." SAC ¶ 3.

[4] The disclaimer ("Disclaimer") reads:

> I UNDERSTAND THAT THIRD PARTIES MAY GENERATE IMPRESSIONS, CLICKS OR OTHER ACTIONS AFFECTING THE COST OF THE ADVERTISING FOR FRAUDULENT OR IMPROPER PURPOSES, AND I ACCEPT THE RISK OF ANY SUCH IMPRESSIONS, CLICKS, OR OTHER ACTIONS. FACEBOOK SHALL HAVE NO RESPONSIBILITY OR LIABILITY TO ME IN CONNECTION WITH **ANY THIRD PARTY CLICK FRAUD** OR OTHER IMPROPER ACTIONS THAT MAY OCCUR.

Order Granting in Part and Den. in Part Mot. to Dismiss First Am. Compl. (Docket Entry No. 97) Aug. 25, 2010 ("Order") at 3:11-14 (emphasis added).

[5] Count II in the SAC ¶¶ 94-100.

[6] Facebook disputes Plaintiffs' other claims in the SAC regarding so-called "invalid clicks," but is prepared to litigate those claims on the merits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF

2.

FACEBOOK'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
C 09-03043 JF

## II. BACKGROUND

### A. The Court's Prior Order.

In its Order, this Court held that Facebook's Disclaimer "state[s] unambiguously that Defendant will not be liable for 'click fraud.'"[7] As a result, the Court dismissed "Plaintiffs' breach of contract claim based upon click fraud, claims under the unfair prong of the UCL based upon click fraud, and claims under the unlawful and fraudulent prongs of the UCL."[8] In short, the Court dismissed *all* claims for click fraud under *any* theory, leaving only Plaintiffs' claims related to so-called "invalid" clicks.

The Court reached this result notwithstanding Plaintiffs' allegations that Facebook made statements in the Extrinsic Evidence about its screening of third-party clicks that were purportedly inconsistent with the Disclaimer. The Court assumed for purposes of Plaintiffs' breach of contract claim that Plaintiffs had adequately pled their reliance on the Extrinsic Evidence under Rule 8 pleading standards. Yet the Court *still* dismissed Plaintiffs' breach of contract claim for click fraud[9] as a matter of law, explaining as follows:

> [Plaintiffs] claim that Defendant has breached the contract by *charging* for "fraud" committed by third parties. However, even applying the more lenient pleading standard of Rule 8, it is difficult to see how Plaintiffs' allegation of "click fraud" can survive disclaimers that state unambiguously that Defendant will not be liable for "click fraud." Accordingly, this portion of Plaintiff's claim will be dismissed.[10]

Under the Court's Order, Plaintiffs' purported reliance on the Extrinsic Evidence is potentially relevant only to construing the Disclaimer's use of the term "improper actions"[11] for purposes of their separate claims for "invalid clicks." As the Court explained:

> The Court finds and concludes that the term "improper" is fairly susceptible to either of the two interpretations offered by the parties. In light of the statements in the Help Center [part of the

---

[7] Order at 12:12-13. *See also id.* at 16-17 n.5 ("Plaintiffs d[id] not allege sufficiently that they could not have avoided the claimed injury related to charges for 'click fraud,' as *the disclaimers in the agreement state unambiguously that Defendant cannot be liable for 'click fraud.'*") (emphasis added).
[8] *Id.* at 17:6-8.
[9] Count IV in the First Am. Consolidated Class Action Compl. (Docket Entry No. 76) May 21, 2010 ("FAC") ¶¶ 110-117.
[10] Order at 12:9-14.
[11] *See* footnote 4.

> Extrinsic Evidence], there is a plausible argument that some or all non-fraudulent but otherwise invalid third-party clicks are not "improper" within the meaning of the disclaimers.[12]

Based on the reliance allegations in the FAC, the Court allowed Plaintiffs to pursue liability for invalid clicks under their breach of contract theory (governed by Rule 8's liberal pleading standards) but not under their UCL claim for fraudulent and unfair conduct (which the Court held are governed by Rule 9(b)'s heightened pleading standards).

**The Plaintiffs' Current Complaint**: As mentioned above, Plaintiffs' SAC omits the breach of contract claim for click fraud previously alleged in the FAC[13]. Plaintiffs retained, however, their UCL claim based on the very same types of fraudulent clicks.[14] Despite the Court's express ruling on the unambiguous terms of the Disclaimer relating to click fraud, Plaintiffs continue to allege that Facebook's "disclaimer . . . purporting to disclaim liability for 'click fraud' . . . is ambiguous."[15]

The SAC also contains new allegations regarding Plaintiffs' purported reliance on the Extrinsic Evidence, apparently designed to address the Court's prior ruling that Plaintiffs did not satisfy Rule 9(b)'s heightened pleading standards in their last complaint. As explained further below, these new allegations related to the Extrinsic Evidence are irrelevant to evaluating the sufficiency of Plaintiffs' remaining click-fraud claim.

**III. ARGUMENT**

**A. Plaintiffs Cannot State A UCL Claim For Click Fraud That Is Precluded By The Unambiguous Terms Of The Disclaimer.**

Plaintiffs cannot use the UCL to create claims that are precluded by the express terms of a contract. In *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036 (C.D. Cal. 2008), the Court applied this common-sense rationale to rule that there was no UCL liability as a matter of law where the defendant had "complied with the express terms of the contracts, and charged plaintiffs in accordance with their terms." *Id*. at 1045. The Court explained that "the

---

[12] Order at 11:20-23.
[13] Count IV in the FAC ¶¶ 110-117.
[14] Count II in the FAC ¶¶ 95-101; Count II in the SAC ¶¶ 94-100.
[15] SAC ¶ 97.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF     4.

FACEBOOK'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
C 09-03043 JF

1   UCL cannot be used to rewrite [the parties'] contracts or to determine whether the terms of their
2   contracts are fair." *Id*. at 1046; *see also Janda v. T-Mobile, USA, Inc.*, No. 05-Civ-03729 JSW,
3   2008 WL 4847116 at *9 (N.D. Cal. Nov. 7, 2008) (holding there is no "unfair" conduct as a
4   matter of law where the defendant was permitted to charge the fees at issue pursuant to a form
5   contract); *Daugherty v. Am. Honda Motor Co. Inc.*, 144 Cal. App. 4th 824, 839 (2006) (affirming
6   dismissal of UCL claim predicated on conduct complying with contractual terms of express
7   warranty); *Samura v. Kaiser Found. Health Plan, Inc.*, 17 Cal. App. 4th 1284, 1299 n.6 (alleging
8   a violation of the unfairness prong of the UCL "does not give the courts a general license to
9   review the fairness of contracts . . ."). Similarly here, Plaintiffs cannot use the UCL to re-write
10  the terms of the Disclaimer and create a claim for click fraud when the Court has already ruled
11  that the Disclaimer unambiguously precludes liability for the fraudulent actions of third parties.[16]

12  Moreover, the Court's prior ruling forecloses the possibility that Plaintiffs can maintain a
13  UCL claim on a theory that is unrelated to a contractual breach. In dismissing Plaintiffs' previous
14  UCL claims for click fraud, the Court emphasized that Plaintiffs' claims under the unlawful and
15  unfair prongs of the UCL are entirely derivative of their breach of contract claim. With regard to
16  the UCL "unlawful" claim, the Court held: "Other than breach of contract, Plaintiffs do not allege
17  another possible predicate for a claim of unlawful conduct under the UCL."[17] Similarly, the
18  Court found that Plaintiffs' UCL "unfair" claim "mirrors Plaintiffs' breach of contract claim" and
19  "the claim boils down to a dispute over contractual interpretation."[18] The SAC contains no new
20  allegations to support a different finding on the underlying basis of Plaintiffs' complaint and
21  confirms that Plaintiffs' UCL claims must rise or fall along with the breach of contract theories
22  on which they depend. Having expressly abandoned any breach of contract claim for click fraud,
23  Plaintiffs also cannot pursue liability for those same clicks on a theory that they amount to
24  "unlawful" or "unfair" conduct under the UCL.

---

[16] *See* Order at 16-17 n.5 ("[T]he disclaimers in the agreement state unambiguously that Defendant cannot be liable for 'click fraud.'")
[17] *Id*. at 13:4-5.
[18] *Id*. at 16:24; 17:1-2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF         5.         FACEBOOK'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT
C 09-03043 JF

### B. Plaintiffs' Newly-Added Allegations Of Reliance Do Not Create A UCL Claim For Click Fraud.

As noted, Plaintiffs' SAC adds new allegations regarding their purported reliance on the Extrinsic Evidence in response to the Court's finding that they had failed to meet Rule 9(b) standards in pleading their claim under the "fraudulent" prong of the UCL. But even if Plaintiffs' new allegations are sufficient to meet Rule 9(b), the extra-contractual statements Plaintiffs claim they relied on could still only be used to interpret the particular terms in the Disclaimer that the Court previously found to be potentially ambiguous – specifically, the term "improper actions" as discussed above. In other words, Plaintiffs' new reliance allegations could potentially support a claim for invalid clicks (which were premised on the ambiguity of the term "improper actions" in the Disclaimer) but not for fraudulent clicks (which are subject to the unambiguous terms of the Disclaimer relating to click fraud).

The Court's prior discussion confirms this. In addressing the impact of the Extrinsic Evidence on Plaintiffs' breach of contract claims, the Court explained that "even applying the more lenient pleading standard of Rule 8, it is difficult to see how Plaintiffs' allegations of 'click fraud' can survive disclaimers that state unambiguously that Defendant will not be liable for 'click fraud.'"[19] Similarly, in dismissing Plaintiffs' UCL claims in the FAC, the Court explained that "the claim boils down to a dispute over contractual interpretation, and accordingly it [is] not subject to the pleading standards of Rule 9(b) or the reliance requirements of *Tobacco II.*"[20] In other words, the Court accepted that Plaintiffs had adequately alleged reliance on the Extrinsic Evidence but *still* dismissed Plaintiffs' click-fraud claims in their entirety (including under Plaintiffs' UCL claim for "fraudulent" conduct).[21] Plaintiffs' *additional* allegations of reliance in the SAC (directed at the *same* Extrinsic Evidence) thus do nothing to change the analysis. Put

---

[19] Order at 12:11-13.
[20] *Id.* at 17:1-3.
[21] The Court's ruling in this regard was consistent with accepted principles of contract interpretation in the Ninth Circuit. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (a court "does not look to extrinsic evidence to interpret the terms of an unambiguous written instrument") (internal quotations and citations omitted); *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) (holding that because plea agreements are like contracts, if "the terms of the plea agreement on their face have a clear and unambiguous meaning, then [the] court will not look to extrinsic evidence to determine their meaning"); *O'Neill v. United States*, 50 F.3d 677, 685 (9th Cir. 1995) (holding parol evidence cannot be used to interpret or contradict an "unambiguous disclaimer of liability").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF                    6.                    FACEBOOK'S MOTION TO DISMISS THE
                                                       SECOND AMENDED COMPLAINT
                                                       C 09-03043 JF

1  simply, if Plaintiffs' claims for click fraud could not stand under the liberal standards of Rule 8,
2  as the Court has already ruled, they cannot stand under the heightened standard of Rule 9(b).

### C. Plaintiffs UCL Claim For Click Fraud Should Be Dismissed With Prejudice.

The Court noted in its last order that its grant of leave to amend would likely be the last in light of its "effort to provide Plaintiff[s] with detailed guidance" twice.[22] Despite this guidance, Plaintiffs have wasted the Court's and Facebook's time by trying to resurrect a claim that was already definitively foreclosed by the Court's prior order. There are no new facts that Plaintiffs could possibly allege in another amended complaint that might alter the Court's prior finding that the Disclaimer unambiguously precludes liability for click fraud. Under these circumstances, Plaintiffs' UCL claim for click fraud should be dismissed with prejudice. *See, e.g., Stearns v. Select Comfort Retail Corp.*, No. 08-Civ-2746 JF, 2009 WL 1635931 at *10 (N.D. Cal. June 5, 2009) (dismissing claims with prejudice where "Plaintiffs previously were granted leave to amend this claim to present a viable theory for relief and still have not come close to doing so").

### IV. CONCLUSION

This Court has made clear that Facebook unambiguously disclaimed all liability for click fraud in its contracts. Plaintiffs' SAC adds nothing to support a different conclusion and in fact explicitly confirms they have no viable breach of contract claim for click fraud. Facebook respectfully requests that the Court now dismiss the related UCL claim for click fraud with prejudice.

Respectfully submitted.
Dated: October 22, 2010

COOLEY LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
PETER COLOSI (252951)

By:      /s/ Whitty Somvichian
          Whitty Somvichian
          Counsel for Facebook, Inc.

---

[22] Order at 17 n.6.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1197444 v1/SF                    7.                    FACEBOOK'S MOTION TO DISMISS THE
                                                        SECOND AMENDED COMPLAINT
                                                        C 09-03043 JF

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. My email address is: pmoyes@cooley.com. On the date set forth below I served the documents described below in the manner described below:

- **FACEBOOK, INC.'S MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

[x] (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

on the following parties in this action:

Jeffrey Leon
FREED & WEISS LLC
111 W. Washington Street
Suite 1331
Chicago, IL 60602

Richard L. Kellner
KABATECK KELLNER LLP
Engine Company #28 Building
644 South Figueroa Street
Los Angeles, CA 90017

TerriAnne Benedetto
SEEGER WEISS LLP
1515 Market St., Ste. 1380
Philadelphia, PA 19102

TerriAnne Benedetto
SEEGER WEISS LLP
1515 Market Street, Ste. 1380
Philadelphia, PA 19102

Executed on October 22, 2010, at San Francisco, California.

_/s/ Patricia Moyes_
Patricia Moyes

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Whitty Somvichian hereby attests that concurrence in the filing of this document has been obtained.*