# Exhibit H

RECEIVED
NOV 17 2010
Peter M. Colosi

1   Jonathan Shub (SBN 237708)
    jshub@seegerweiss.com
2   **SEEGER WEISS LLP**
    1515 Market Street, Suite 1380
3   Philadelphia, PA 19102
    Telephone: (215) 564-2300
4   Facsimile: (215) 851-8029

5   Rosemary M. Rivas (SBN 209147)              J. Paul Gignac (SBN 125676)
    rrivas@finkelsteinthompson.com              j.paul@aogllp.com
6
    **FINKELSTEIN THOMPSON LLP**                **ARIAS OZZELLO & GIGNAC LLP**
7   100 Bush Street, Suite 1450                 115 S. La Cumbre Lane, Suite 300
    San Francisco, California 94104             Santa Barbara, California 93105
8   Telephone: (415) 398-8700                   Telephone: (805) 683-7400
    Facsimile: (415) 398-8704                   Facsimile:  (805) 683-7401
9

10  *Interim Co-Lead Class Counsel*             *Interim Liaison Class Counsel*

11                    **UNITED STATES DISTRICT COURT**

12          **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

13                                          Master Case No. C 09-03043 JF
14

15                                          **PLAINTIFF STEVEN PRICE'S OBJECTIONS
                                            AND RESPONSES TO DEFENDANT
16  In re FACEBOOK PPC Advertising Litigation FACEBOOK, INC.'S FIRST SET OF
                                            INTERROGATORIES**
17

18

19

20

21      Plaintiff Steven Price ("Plaintiff") hereby responds to Facebook, Inc.'s First Set of

22  Interrogatories, served on Plaintiff's attorneys on September 16, 2010, subject to the

23  accompanying objections, without waiving, and expressly preserving, all such objections.

24  Plaintiff also responds subject to, without intending to waive, and expressly preserving: (a) any

25  objections as to relevance, privilege, and admissibility of documents or information provided;
26

27

---

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

1   and (b) the right to object to other discovery procedures involving or relating to the subject

2   matter of Defendant's requests.

3        Plaintiff responds and objects based on Plaintiff's attorneys' understanding of

4   Defendant's language.   Where it may be found that something was intended to be construed

5   differently from their interpretation, Plaintiff reserves the right to amend Plaintiff's responses

6   and objections.

7        Plaintiff's factual investigation and legal analysis is ongoing and these responses and

8   objections are without prejudice to later amendment and supplementation.   Defendant has not yet

9   fully produced documents and information (or otherwise given complete discovery).   Plaintiff's

10   discovery, investigation, and preparation for trial are ongoing and continuing as of the date of

11   these responses.   Plaintiff reserves the right to continue discovery and investigation of facts,

12   witnesses, and supplemental information that may reveal information which, if presently within

13   Plaintiff's knowledge, would have been included in these responses.   Plaintiff reserves the right

14   to present additional information as may be disclosed through continuing discovery and

15   investigation.  By this reservation, Plaintiff does not assume a continuing responsibility to update

16

17   these responses (the present responses only cover information received until the date of service

18   of these responses) beyond that required under the Federal Rules of Civil Procedure.

19

20                                   **GENERAL OBJECTIONS**

21        All of the general Objections below are incorporated into each of the individual responses

22   and have the same force and effect as if fully set forth therein.   Plaintiff objects to Defendant's

23   Interrogatories to the extent that:

24

25        1.      Defendant's definitions and instructions seek to impose obligations that exceed or

26   differ from the requirements of the Federal Rules of Civil Procedure.

27

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

2.      They seek to require responses or supplemental responses beyond the scope and/or requirements of the Federal Rules of Civil Procedure.

3.      They contravene the limits on the number of questions in any court orders, local rules, or the Federal Rules of Civil Procedure.

4.      They seek to establish or imply a waiver of Plaintiff's right to challenge the relevancy, materiality, or admissibility of the documents or information provided by Plaintiff, or to object to the use of documents or information in any subsequent proceeding or trial.  In responding, Plaintiff does not waive the right to challenge the relevancy, materiality, and/or admissibility of the documents or information provided by Plaintiff, or to object to the use of the documents or information in any later proceeding or trial.

5.      They call for legal conclusions or premature expert discovery.

6.      They seek disclosure of documents, communications, information, and things protected by the attorney-client privilege or that constitutes attorney work-product/trial preparation materials or any other privileged documents or information, as well as documents or information that were compiled or prepared at the request and direction of counsel in anticipation of, or in conjunction with, litigation that are protected by the attorney work-product doctrine; items and information obtained by Plaintiff's attorneys that involve their professional skill and experience; legal research, including delegated research—which includes research or investigation by Plaintiff's attorneys, or by persons hired by Plaintiff's attorneys and acting under their supervision; strategic litigation planning, mental impressions (or documents reflecting such planning or impressions); and documents gathered by Plaintiff's attorneys while researching issues in this case.  Further, it would also be unduly burdensome and oppressive to

2

search for, compile, and make a description of the nature of each such document, communication, etc.

7. They seek documents or information within the exclusive possession, custody or control of Defendant.

8. They seek documents or information contained in the pleadings and other papers filed in this action.

**SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons with knowledge regarding YOUR placement of advertisements on Facebook.com; YOUR tracking of clicks, impressions, and other data related to those advertisements; and YOUR claim that YOU were overcharged for clicks on those advertisements.

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiff objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it prematurely seeks expert discovery and/or information protected by the attorney-client privilege and/or the work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."); *see also Upjohn Co. v. U.S.*, 449 U.S. 383, 385 (same).

Subject to and without waiving the above objections, Plaintiff identifies Steven Price as the person knowledgeable about his claims in this action.

**INTERROGATORY NO. 2:**

3

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES
CV 09-03043

1   Identify any prior litigation YOU were involved in, including the case name, case
2   number, the court in which the case was pending, and the name of YOUR legal counsel in the case.

3   **RESPONSE TO INTERROGATORY NO. 2**

4   Plaintiff object to this Interrogatory as overbroad, unduly burdensome, and not

5   reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

6   waiving the above objections, Plaintiff responds that he has been involved in the following prior

7   litigation matters:
8

9   (1)   Personal injury claim arising out of an automobile accident in Los Angeles
10         County. Plaintiff does not recall the case name, the case number, the court in
11         which the case was filed or the name of his legal counsel (if any).

12  (2)   Right to work dispute Auto Dealer Marketing in Los Angeles County. Plaintiff
13        does not recall the case name, the case number, the court in which the case
14        was filed or the name of his legal counsel (if any).
15

16  (3)   Divorce from Tanya Neilson in Los Angeles County. Plaintiff does not recall
17        the case name, the case number, the court in which the case was filed or the
18        name of his legal counsel (if any).

19  (4)   Dissolution of marriage to Elizabeth Bont in Placer County. Plaintiff does not
20        recall the case name, the case number, the court in which the case was filed or
21        the name of his legal counsel (if any).
22

23  (5)   Annulment of marriage to Natasha McCann in Los Angeles County. Plaintiff
24        does not recall the case name, the case number, or the court in which the case
25        was filed. Plaintiff was not represented by counsel.

26

27

4

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

(6)   Child custody proceedings involving          REDACTED          in
Los Angeles County. Plaintiff does not recall the case name or the court in
which the case was filed. Plaintiff has been formerly represented by Brain
Moore, and is currently acting as his own counsel.

(7)   Trademark infringement case styled *The American Automobile Association,*
*Inc. v. E-Responses.Com and Steven Price*, Case No. CV 10 2609 EMC,
United States District Court for the Northern District of California. Plaintiff
was represented by Arias Ozzello & Gignac LLP.

**INTERROGATORY NO. 3:**

Describe any prior experience or relationship YOU had with YOUR current legal counsel
in this matter, including whether any counsel have represented YOU previously and, if so, the
case name, case number, and court in which the case was pending.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and without
waiving the above objections, Plaintiff responds that he was represented by Arias Ozzello &
Gignac LLP in the trademark infringement case identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify all entities or websites with which you have placed online advertisements on a
pay-per-click basis other than Facebook.com.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and without
waiving the above objections, Plaintiff responds as follows: none.

**INTERROGATORY NO. 6:**

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

For each of the web-pages and statements on Facebook.com identified in the AMENDED COMPLAINT (including those described in paragraphs 33-35, 37, 39, and 51, and exhibits A-E), state whether YOU reviewed that web-page and/or statement.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous as to the phrase "web-pages and statements on Facebook.com identified in the AMENDED COMPLAINT" because it fails to specify exactly each of the "web-pages and statements" it is referring to. Plaintiff objects on the grounds that the Interrogatory is compound and exceeds the limits set forth by the Federal Rules of Civil Procedure. Subject to and without waiving the above objections, Plaintiff responds that he reviewed Exhibits A-E to the Amended Complaint.

**INTERROGATORY NO. 7:**

For each of the web-pages and statements on Facebook.com YOU claim to have reviewed in response to Interrogatory No. 6, state when YOU reviewed the web-page and/or statement.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff objects to this Interrogatory on the grounds that Interrogatory No. 6 is vague and ambiguous as to the phrase "web-pages and statements on Facebook.com identified in the AMENDED COMPLAINT" because it fails to specify exactly each of the "web-pages and statements" it is referring to. Plaintiff objects on the grounds that the Interrogatory is compound and exceeds the limits set forth by the Federal Rules of Civil Procedure. Plaintiff also objects to this Interrogatory to the extent it seeks information already contained in Plaintiffs' Second Amended Complaint. Subject to and without waiving the above objections, Plaintiff states that before placing pay-per-click advertising on Facebook, Plaintiff recalls seeing statements promising that Facebook had a range of filters and other measures in place to guard against invalid clicks and that Facebook would not charge for invalid clicks, such as those reflected in

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

Exhibits A-E attached to the Second Amended Complaint.

**INTERROGATORY NO. 8:**

For each of the web-pages and statements on Facebook.com YOU claim to have reviewed in response to the Interrogatory No. 6, describe whether and how YOU allegedly relied on the web pages and/or statements to your detriment.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff objects to this Interrogatory on the grounds that Interrogatory No. 6 is vague and ambiguous as to the phrase "web-pages and statements on Facebook.com identified in the AMENDED COMPLAINT" because it fails to specify exactly each of the "web-pages and statements" it is referring to. Plaintiff objects on the grounds that the Interrogatory is compound and exceeds the limits set forth by the Federal Rules of Civil Procedure. Plaintiff also objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information already contained in Plaintiffs' Second Amended Complaint. Subject to and without waiving the above objections, Plaintiff responds that he relied on the statements set forth above in response to Interrogatory No. 7 and that these statements were a substantial factor in influencing his decision to purchase pay-per-click advertising from Facebook. Plaintiff monitored the click activity received on his Facebook advertisements. Plaintiff stopped placing pay-per-click advertisements with Facebook due to charges for invalid clicks.

**INTERROGATORY NO. 9**

Identify all software, applications, or services YOU used for the purpose of tracking the number of clicks received on YOUR advertisements on Facebook.com and/or the number of impressions of those advertisements that were served.

**RESPONSE TO INTERROGATORY NO. 9**

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects on the grounds that the terms "software, applications or services" is vague and ambiguous. Subject to and without waiving these objections, Plaintiff responds that he has used Facebook, Google Analytics, and StatCounter.com.

**INTERROGATORY NO. 10**

Describe the nature and amount of all damages YOU allege YOU suffered as a result of advertising on Facebook.com.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiffs further object to this Interrogatory to the extent it seeks information within the Defendant's knowledge and to the extent that it prematurely seeks expert discovery.

Subject to and without waiving the above objections, Plaintiff responds that his damages include all amounts that Facebook charged him for invalid clicks (including fraudulent clicks) and interest on such amounts.

**INTERROGATORY NO. 11**

For each advertisement YOU placed on Facebook.com, identify each click YOU allege was improperly charged to YOU (including the date, time, and associated IP address for each such click).

**RESPONSE TO INTERROGATORY NO. 11**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory in that it is premature and much of this information is in Defendant's possession, custody or control and that Defendant has not produced such information despite Plaintiff's discovery requests.

8

**INTERROGATORY NO. 12**

For each click identified in Interrogatory No. 11, state all reasons why YOU contend the click was fraudulent, improper, invalid, or otherwise should not have been charged to YOUR account.

**RESPONSE TO INTERROGATORY NO. 12**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory in that much of this information is in Defendant's possession, custody or control and is being requested from Defendant in discovery.

Plaintiff also objects to this Interrogatory as a premature contention interrogatory. Courts have routinely found that requiring responses to contention discovery at an early stage of the discovery process is neither necessary nor wise. As Judge Brazil observed in *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985), "[T]here is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse. Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." 108 F.R.D. at 337–338. *Accord, Nestlé Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110–111 (D.N.J. 1990) ("This Court agrees that judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of

1   discovery has been conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J.

2   1989) (same).

3   **INTERROGATORY NO. 13**

4   If you contend that Facebook failed to implement certain measures to detect and screen

5   clicks that are potentially fraudulent, improper, or invalid, describe all such measures.

6   **RESPONSE TO INTERROGATORY NO. 13**

7   Plaintiff objects to this Interrogatory as overbroad and unduly burdensome.  Plaintiff

8   further objects to this Interrogatory to the extent it prematurely seeks expert discovery.  Plaintiff

9   also objects to this Interrogatory as a premature contention interrogatory.  Courts have routinely

10  found that requiring responses to contention discovery at an early stage of the discovery process

11  is neither necessary nor wise.  As Judge Brazil observed in *In re Convergent Technologies Sec.*

12  *Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985), "[T]here is substantial reason to believe that the

13  early knee jerk filing of sets of contention interrogatories that systematically track all the

14  allegations in an opposing party's pleadings is a serious form of discovery abuse.   Such

15  comprehensive sets of contention interrogatories can be almost mindlessly generated, can be

16  used to impose great burdens on opponents, and can generate a great deal of counterproductive

17  friction between parties and counsel.  Moreover, at least in cases where defendants presumably

18  have access to most of the evidence about their own behavior, it is not at all clear that forcing

19  plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to

20  be productive to justify  the burden that responding can entail." 108 F.R.D. at 337–338.  *Accord,*

21  *Nestlé Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110–111 (D.N.J. 1990) ("This

22  Court agrees that judicial economy as well as efficiency for the litigants dictate that contention

23  interrogatories are more appropriate after a substantial amount of discovery has been

24  conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989) (same).

    **INTERROGATORY NO. 14**

25  Describe how YOU determined, at the time YOU filed the ORIGINAL COMPLAINT,

26  that  Facebook  allegedly  overcharged  YOU  for  clicks  on  YOUR  advertisements  on

27

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES
CV 09-03043

1   Facebook.com, including what specific data or other information YOU relied on in making that
    determination.

2   **RESPONSE TO INTERROGATORY NO. 14**

3
4            Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not

5   reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

6   waiving the above objections, Plaintiff directs Defendant to the allegations contained in

7   Plaintiffs' Second Amended Complaint, in particular, Paragraphs 70 through 74.

8   **INTERROGATORY NO. 15**

9            What do YOU contend is the definition of the term "improper" as that term is used in the
10  DISCLAIMER relating to certain categories of clicks.

11  **RESPONSE TO INTERROGATORY NO. 15**

12           Plaintiff objects to this Interrogatory as vague and ambiguous and on the grounds that it

13  seeks information that is irrelevant and not reasonably calculated to lead to the discovery of
14
15  admissible evidence.  Subject to and without waiving the above objections, Plaintiff disputes the

16  validity of the DISCLAIMER in his contract and whether such disclaimer was adequately

17  disclosed to him.  Further responding, Plaintiff asserts that the DISCLAIMER is ambiguous and

18  inconsistent with the statements and representations of Facebook as set forth in Exhibits A-E of

19  Plaintiffs' Second Amended Complaint.

20  **INTERROGATORY NO. 16**

21           State all facts that support or relate to your response to Interrogatory No. 15.
22
23  **RESPONSE TO INTERROGATORY NO. 16**

24           Plaintiff objects to this Interrogatory as a premature contention interrogatory.  Courts

25  have routinely found that requiring responses to contention discovery at an early stage of the

26  discovery process is neither necessary nor wise.  As Judge Brazil observed in *In re Convergent*

27

---

                                                11

*Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985), "[T]here is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse. Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel.   Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify  the burden that responding can entail." 108 F.R.D. at 337–338.  *Accord, Nestlé Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110–111 (D.N.J. 1990) ("This Court agrees that judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989) (same).

**INTERROGATORY NO. 17**

What do YOU contend is the definition of the term "invalid" as YOU use that term in the AMENDED COMPLAINT to describe certain types of clicks.

**RESPONSE TO INTERROGATORY NO. 17**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information already contained in Plaintiffs' Second Amended Complaint.  Subject to and without waiving the above objections, Plaintiff directs Defendant to the allegations contained in Plaintiffs' Second Amended Complaint, in particular, Paragraph 3.

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

## INTERROGATORY NO. 18

State all facts that support or related to your response to Interrogatory No. 17.

## RESPONSE TO INTERROGATORY NO. 18

Plaintiff objects to this Interrogatory as a premature contention interrogatory. Courts have routinely found that requiring responses to contention discovery at an early stage of the discovery process is neither necessary nor wise. As Judge Brazil observed in *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985), "[T]here is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse. Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." 108 F.R.D. at 337–338. *Accord, Nestlé Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110–111 (D.N.J. 1990) ("This Court agrees that judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989) (same).

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

**INTERROGATORY NO. 19**

What do YOU contend is the definition of the term "fraudulent" as YOU use that term in the AMENDED COMPLAINT to describe certain types of clicks.

**RESPONSE TO INTERROGATORY NO. 19**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information already contained in Plaintiffs' Amended Complaint. Subject to and without waiving the above objections, Plaintiff directs Defendant to the allegations contained in Plaintiffs' Second Amended Complaint, in particular, Paragraph 3.

**INTERROGATORY NO. 20**

State all facts that support or relate to your response to Interrogatory No. 19.

**RESPONSE TO INTERROGATORY NO. 20**

Plaintiff objects to this Interrogatory as a premature contention interrogatory. Courts have routinely found that requiring responses to contention discovery at an early stage of the discovery process is neither necessary nor wise. As Judge Brazil observed in *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985), "[T]here is substantial reason to believe that the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse. Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail." 108 F.R.D. at 337–338. *Accord, Nestlé Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 110–111

14

(D.N.J. 1990) ("This Court agrees that judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989) (same).

Dated: November 15, 2010                    **ARIAS OZZELLO & GIGNAC LLP**


By: _____
        J. Paul Gignac
        115 S. La Cumbre Lane, Suite 300
        Santa Barbara, California 93105
        Telephone: (805) 683-7400
        Facsimile: (805) 683-7401

*Interim Liaison Class Counsel*

Rosemary M. Rivas
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Mila F. Bartos
**FINKELSTEIN THOMPSON LLP**
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Jonathan Shub
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029

*Interim Co-Lead Class Counsel*

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF INTERROGATORIES
CV 09-03043

1    Steven Berk
     **BERK LAW PLCC**
2    1225 15th Street, NW
     Washington, D.C. 20005
3    Telephone: (202) 232-7500
     Facsimile: (202) 232-7566
4
5    Paul M. Weiss
     **FREED & WEISS LLC**
6    111 West Washington Street, Suite 1311
     Chicago, IL 60602
7    Telephone: (312) 220-0000
8    Brian S. Kabateck
     **KABATECK BROWN KELLNER LLP**
9    664 S. Figueroa Street
     Los Angeles, CA 90017
10   Telephone: (213) 217-5000
     Facsimile: (213) 217-5010
11
12   Gordon M. Fauth, Jr.
     **LITIGATION LAW GROUP**
13   1801 Clement Avenue, Suite 101
     Alameda, CA 94501
14   Telephone: (510) 238-9610
     Facsimile: (510) 337-1431
15
16   Melissa Meeker Harnett
     **WASSERMAN, COMDEN, CASSELMAN &**
17   **ESENSTEN, LLP**
     5567 Reseda Boulevard, Suite 330
18   Tarzana, CA 91357-7033
     Telephone: (818) 705-6800
19   Facsimile: (818) 996-8266
20
21   TerriAnne Benedetto (admitted pro hac vice)
     **SEEGER WEISS LLP**
22   1515 Market Street, Suite 1380
     Philadelphia, PA 19102
23   Telephone: (215) 564-2300
     Facsimile: (215) 564-1606
24
25   *Additional Counsel for Plaintiffs*
26
27

PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SETOF INTERROGATORIES
CV 09-03043

## VERIFICATION

I am one of the named plaintiffs in the action entitled *In re Facebook PPF Advertising Litigation,* Master Case No. C 09-03043 JF.  I am familiar with the contents of the foregoing document entitled: **PLAINTIFF STEVEN PRICE'S OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES.**  The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and/or compiled from available documents, and is therefore provided as required by law.  The information contained in the foregoing document provided by me is true and as to those matters that were provided by my attorneys and/or agents, including all contentions and opinions, I am informed and believe that they are true.

I declare under penalty of perjury of the laws of the State of California the foregoing is true and correct.

Executed on the 12 day of November, 2010 at El Segundo, California.

Steven Price